UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD J. BOUDREAUX, JR.                    CIVIL ACTION

VERSUS                                       No.: 19-12355

ALBERT L. BOSSIER, JR., ET AL.               SECTION: "J" (5)

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 10)** filed by Plaintiff Edward J. Boudreaux Jr., and an opposition thereto (Rec. Doc. 17) filed by Defendants Albert L. Bossier Jr., Huntington Ingalls Incorporated, and Lamorak Insurance Company (collectively, the "Avondale Interests"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court will hold the motion in abeyance and administratively close this case for the reasons set forth herein.

## FACTS AND PROCEDURAL BACKGROUND

This is an asbestos case. Plaintiff worked at Avondale Shipyards and alleges he was exposed to asbestos while working there as a welder, pipefitter, or laborer from 1963 to 1969.[1] Besides occupational exposure, Plaintiff also alleges he was exposed to asbestos at home from the clothing of his father and brother, who also worked around asbestos, including at Avondale.[2]

---

[1] (Rec. Doc. 1-1, at 5).
[2] *Id.* at 6.

Plaintiff initially filed suit against the Avondale Interests and numerous other defendants in state court on November 29, 2018.[3] He brings only negligence claims against the Avondale Interests.[4] The Avondale Interests removed the case to this Court on August 29, 2019, asserting jurisdiction under 28 U.S.C. § 1442, the federal officer removal statute.[5] Plaintiff's motion to remand is now before the Court on the briefs and without oral argument.

## DISCUSSION

### I. TIMELINESS OF REMOVAL

Plaintiff contends that removal was untimely because the Avondale Interests had notice that he worked aboard federal vessels while employed at Avondale from his employment and medical records, which they possessed prior to this suit being filed, as well as from Plaintiff's brother's deposition and other documents from a separate lawsuit against them alleging injuries caused by exposure to asbestos. The Avondale Interests assert that removal was timely because it was not apparent from the face of Plaintiff's petition that the case was removable and Plaintiff's deposition transcript, received on July 30, 2019, was the first "other paper" showing that the case was removable.

Timeliness of removal is governed by 28 U.S.C. § 1446(b), which provides that a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

---

[3] *Id.* at 1.
[4] *Id.* at 7, 10.
[5] (Rec. Doc. 1).

for relief." 28 U.S.C. § 1446(b)(1). If a case is not initially removable, a defendant may file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).

"[T]he thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that" the case is removable. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *see also Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Additionally, "'the defendant's subjective knowledge cannot convert a case into a removable action.'" *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018) (citation omitted).

Here, Plaintiff's petition does not affirmatively reveal that the case is removable, as it contains no statement that he worked on a federal vessel nor any other fact signaling that he worked on a federal enclave or at the direction of a federal officer. Rather, his petition attempted to exclude such claims.[6] Plaintiff's reliance on *Parfait v. Huntington Ingalls Inc.*, No. 19-11958, 2019 WL 4297912 (E.D. La. Sept. 11, 2019), is unavailing because the plaintiff there specifically alleged in his original

---

[6] "Petitioner specifically disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in, or on the grounds of, a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any conduct, action, acts or omissions of any and all federal officers, or committed at the direction of an officer of the United States Government." (Rec. Doc. 1-1, at 5). The Court has previously explained that such "boilerplate" disclaimers are ineffective to defeat removal. *See BonDurant v. 3M Co.*, No. 19-10693, 2019 WL 3214288, at *4 (E.D. La. July 17, 2019).

petition that he was exposed to asbestos while working aboard destroyer escorts (which the court found to be "indisputably federal vessels") at Avondale. *Id.* at *7.

As the Avondale Interests' subjective knowledge cannot make the case removable, the Court must determine when they received an "other paper" from which it was ascertainable that the case was removable. *See* § 1446(b)(3). Plaintiff contends that his social security records, which the Avondale Interests received on July 3, 2019, also established that the case was removable; however, as Plaintiff did not include these records with his motion to remand, the Court cannot determine whether disclosure of these records established removability.

Therefore, because the Avondale Interests filed their notice of removal on August 29, 2019, within thirty days of receiving Plaintiff's deposition transcript on July 30, 2019, the Court concludes that removal was timely.

## II. WHETHER THE REQUIREMENTS OF FEDERAL OFFICER REMOVAL ARE SATISFIED

The Avondale Interests removed this case pursuant to the federal officer removal statute, which permits "any person acting under [an officer] of the United States or of any agency thereof" to remove a state suit to federal court if any of the plaintiff's claims are "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: (1) that it is a person within the meaning of the statute, (2) that it has a colorable federal defense, (3) that it acted pursuant to a federal officer's directions, and (4) that a causal nexus exists between its actions under color of federal office and the plaintiff's claims.

*Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172 (5th Cir. 2015) (quoting *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398-400 (5th Cir. 1998).

However, the "causal nexus" requirement in *Bartel* has been called into question in light of the 2011 amendment to the federal officer removal statute that added the "relating to" language quoted above and other circuits interpreting the amendment as eliminating this requirement.[7] *See Latiolais v. Huntington Ingalls, Inc.*, 918 F.3d 406, 412 (5th Cir.), *reh'g en banc granted*, 923 F.3d 427 (5th Cir. 2019). The panel majority[8] noted that the 2011 amendment "broaden[ed] the basis for removal to federal court of claims brought against officers or agents of the federal government and those working under its direction," *id.* at 408, but nevertheless concluded that it was bound by *Bartel* and affirmed the district court's remand order, *id.* at 412-13. The en banc Fifth Circuit heard oral argument in *Latiolais* on September 24, 2019.

As Plaintiff brings only negligence claims against the Avondale Interests, current Fifth Circuit precedent dictates that this action be remanded. *See, e.g.*, *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018). But given the developments in *Latiolais*, the Avondale Interests request that the Court hold the instant motion in abeyance pending the Fifth Circuit's decision. While Plaintiff may

---

[7] *See also In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 471 (3d Cir. 2015) (holding that "a 'connection' or 'association' between the act in question and the federal office" satisfied the "for or relating to" requirement of federal officer removal); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 258 (4th Cir. 2017) (adopting *In re Commonwealth*'s "connection or association" standard).

[8] *Latiolais* is distinguishable from the instant case and much of the Fifth Circuit's precedent in that the plaintiff was a member of the U.S. Navy, rather than an employee of Avondale; thus, the dissent found that removal was proper without the need to reconsider *Bartel*. *See* 918 F.3d at 413-14 (Haynes, J., dissenting).

oppose this course of action, the reality is he will have to deal with the *Latiolais* decision sooner or later: unlike other removal statutes, an order remanding a case removed under the federal officer removal statute is appealable, 28 U.S.C. § 1447(d), and an appeal from an order of this Court granting Plaintiff's motion to remand would more likely delay this case longer than waiting for the Fifth Circuit's decision in *Latiolais*. And considering the urgency with which Plaintiff presses his case—he is currently living with asbestosis—the Court concludes that staying this case is the most efficient course of action at this time. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that this case be **ADMINISTRATIVELY CLOSED** until the Fifth Circuit issues its opinion in *Latiolais v. Huntington Ingalls, Inc.*, No. 18-30652.

New Orleans, Louisiana this 24th day of October, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE