UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD J. BOUDREAUX, JR. | CIVIL ACTION |
| VERSUS | No.: 19-12355 |
| ALBERT L. BOSSIER, JR., ET AL. | SECTION: "J" (5) |

# **ORDER & REASONS**

Before the Court is a *Motion to Remand* **(Rec. Doc. 10)** filed by Plaintiff Edward J. Boudreaux Jr., which is opposed by Defendants Albert L. Bossier Jr., Huntington Ingalls Incorporated, and Lamorak Insurance Company (collectively, the "Avondale Interests") (Rec. Doc. 17). After the Fifth Circuit issued its en banc opinion in *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020), the Court directed the parties to file supplemental briefing, which Plaintiff failed to submit. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## **FACTS AND PROCEDURAL BACKGROUND**

This case arises from injuries allegedly caused by exposure to asbestos. Plaintiff worked at Avondale Shipyards as a welder, pipefitter, or laborer from 1963 to 1969 and alleges he was exposed to asbestos while working there.[1] Besides occupational exposure, Plaintiff also alleges he was exposed to asbestos at home from

---

[1] (Rec. Doc. 1-1, at 5).

the clothing of his father and brother, who also worked around asbestos, including at Avondale.[2]

Plaintiff initially filed suit against the Avondale Interests and numerous other defendants in state court on November 29, 2018.[3] He brings only negligence claims against the Avondale Interests.[4] The Avondale Interests removed the case to this Court on August 29, 2019, asserting jurisdiction under 28 U.S.C. § 1442, the federal officer removal statute.[5] After Plaintiff filed his motion to remand, the Court determined that removal was timely and that the motion should be held in abeyance pending the Fifth Circuit's en banc opinion in *Latiolais v. Huntington Ingalls, Inc.*[6] After the Fifth Circuit issued its opinion, the Court ordered the parties to file supplemental briefing,[7] which was timely filed by the Avondale Interests[8] but not by Plaintiff. Plaintiff's motion is now ripe for decision.

## **DISCUSSION**

The Avondale Interests removed this case pursuant to the federal officer removal statute, which permits "any person acting under [an officer] of the United States or of any agency thereof" to remove a state suit to federal court if any of the plaintiff's claims are "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: "(1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the

---

[2] *Id.* at 6.
[3] *Id.* at 1.
[4] *Id.* at 7, 10.
[5] (Rec. Doc. 1).
[6] (Rec. Doc. 19).
[7] (Rec. Doc. 23).
[8] (Rec. Doc. 24).

2

statute, (3) [it] acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (en banc).

The Avondale Interests' assertion of the government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), is colorable because, as in *Latiolais*, it is not "wholly insubstantial and frivolous": the Avondale Interests have presented testimony showing that the federal government approved reasonably precise specifications for the construction of ships on which Plaintiff worked, that they complied with those specifications, and that the government knew more than them about the asbestos-related hazards and appropriate safety measures.[9] *Latiolais*, 951 F.3d at 297-98 (citation omitted). Second, it is undisputed that the Avondale Interests qualify as "persons" under the federal officer removal statute. Third, the Avondale Interests' contracts with the federal government to build ships for the Navy satisfies the "acting under" requirement. *See id.* at 291. Finally, the Avondale Interests' alleged "negligence is connected with the installation of asbestos during the [construction and] refurbishment of" ships for the Navy. *Id.* at 296. Indeed, just like the plaintiff in *Latiolais*, Plaintiff here worked on the refurbishment of the USS TAPPAHANNOCK.[10] Therefore, the Avondale Interests have established the requirements for federal officer removal under *Latiolais*.

---

[9] (Rec. Doc. 17-4, at 4-6, 8; Rec. Doc. 17-6, at 2-3).
[10] (Rec. Doc. 17-4, at 4).

3

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 10)** is **DENIED**.

New Orleans, Louisiana this 23rd day of March, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE